

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Valerie L. Forbes**
*Special Assistant Corporation Counsel*
Office: (212) 356-0873

March 1, 2024

Hon. Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: *E.N. et al.* v. *N.Y.C. Dep't of Educ.*, 23-cv-9764 (AS)(GWG)

Dear Judge Subramanian:

  I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiffs seek solely attorneys' fees, costs, and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq*. ("IDEA"), as well as for this action.

  Cognizant of Your Honor's February 27, 2024 Order (ECF 13) instructing the parties to submit a joint letter by March 4 and Defendant to file an answer by March 18, I write on behalf of all parties to request a 180-day stay to August 26, 2024 for the reasons set forth below. This is the second request to stay.[1]

  At the February 26 pre-motion conference held before Judge Cronan for *R.C. et al. v. N.Y.C. Dep't of Educ.*, 23-cv-9727, Defendant withdrew its request for leave to file a motion for consolidation pursuant to Rule 42(a). However, Judge Cronan granted the parties' joint request for a 180-day stay of that case until August 26, after the parties explained that they would seek 180-day stays across all 32 cases, and then work together to avoid any motion practice or appearances in any of the 32 cases. Both sides expressed a high level of confidence that the 32 cases could all be globally resolved on the same timeline. We note that, today, Judge Liman and Judge Carter also granted 180-day stays in two other of these cases (*M.S. et al. v. New York City School Dist.*, 23-cv-9751 (LJL) (ECF 17), and *G.D. et al. v. New York City School Dist.*, 23-cv-9743 (ALC) (ECF12)). Additionally, both Judge Torres and Judge Schofield granted 180-day extensions in *G.P. et al. v. New York City School Dist.*, 23-9750 (AT) (ECF 18), *K.M. et al. v. N.Y.C. Dep't of Educ.*, 23-9766 (AT) (ECF 18); and *S.I. et al. v. N.Y.C. Dep't of Educ.*, 23-9773 (LGS) (ECF 11), *E.L. et al. v. N.Y.C. Dep't of Educ.*, 23-9763 (LGS) (ECF 11).

  The parties assert that these circumstances are exceptions in several ways warranting the requested 180-day stay: as both sides explained to Judge Cronan at the Feb. 26 conference: (a) due

---

[1] On February 27, 2024, Your Honor lifted the stay the Court had granted on February 16 (ECF 13).

to an administrative issue within Plaintiff's counsel's firm, these fee claims were unintentionally not presented to the DOE for administrative settlement; (b) all 32 cases had to be filed before the statute of limitations had run; (c) the DOE historically has resolved all fee claims presented by the Skyer Law Firm avoiding federal fees actions; and (d) as Defendant's counsel noted, a review of the billing in a few of the Skyer cases reveals that they are much more reasonable than billing records submitted by some other IDEA law firms who take many cases into motion practice.

The parties are hopeful to obtain stays in the remaining 25 cases, and note further that, if the parties are unable to keep all 32 cases on a global settlement track, that will compound the work that will go into the process, drive up further billable hours in some cases and not in others, and all of this underscores the reasons we were hopeful we could achieve consolidation.

For these reasons, the parties respectfully request a stay of this case for 180 days to August 26, 2024, with a joint status letter due Aug. 26 informing the Court on the progress of settlement discussions and proposing next steps, if any are needed.

Thank you for considering this request.

Respectfully submitted,

*/s/ Valerie L. Forbes*
Valerie L. Forbes
Special Assistant Corporation Counsel

cc: William Milton Meyer, IV, Esq. (via ECF)

Application granted. But no further extensions or stay requests will be permitted. If this case does not settle by August 26, 2024, the parties should be prepared to litigate this case.

The Clerk of Court is directed to stay this case until August 26, 2024.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 4, 2024